■ In the Matter of RONALD R. BENJAMIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—The Committee on Professional Standards moves to confirm the report of the Referee which sustained four charges of professional misconduct against respondent, an attorney admitted by the Appellate Division, Fourth Department, in 1978 and who maintains an office for the practice of law in the City of Binghamton, Broome County. Respondent cross-moves to reject the report. We grant the Committee's motion in part and deny it in part as follows.

Charge I of the petition of charges accuses respondent of violating the Code of Professional Responsibility DR 2-110, by withdrawing from his representation of one Prabir Roy in May 1985 while a divorce action was pending in the Supreme Court and an appeal from a denial of a motion to vacate a Family Court support order was pending before this court, without obtaining permission of either court to withdraw, as required by CPLR 321 (b). We grant the Committee's motion to confirm the Referee's report with respect to this charge because the evidence demonstrates that respondent had withdrawn from representing Roy by late May 1985, as evidenced by (1) a May 28 letter from respondent to Roy in which respondent refuses to continue his representation of Roy on the ground that Roy was allegedly refusing to pay respondent's attorney's fees, and (2) respondent's commencement of two lawsuits against Roy in the early summer of 1985, one on his own behalf for attorney's fees and the other for breach of contract on behalf of Glenn Dier. We reject respondent's argument that he had a right to withdraw without permission because of Roy's alleged refusal to pay respondent his attorney's fees: we find that, while Roy clearly disputed the

amount owed, he did not refuse payment. Also, such a refusal would not justify failure to comply with CPLR 321 (b). We also find that respondent's formal withdrawal on motion made in October 1985 from the Supreme Court divorce action does not excuse his failure to make such a motion in May 1985 when he effectively discontinued his representation of Roy.

Charge II accuses respondent of becoming involved in conflicts of interest in violation of DR 5-105, specifying respondent's suit against Roy for attorney's fees and respondent's representation of Dier in his breach of contract action against Roy. Since respondent had not formally withdrawn from his representation of Roy when he commenced these two lawsuits, we grant the Committee's motion to confirm the Referee's report with respect to charge II.

Specifications 1 and 2 of charge III accuse respondent of seeking unwarranted punitive damages, in violation of DR 7-102. The specifications cite respondent's claim for $300,000 in punitive damages in Dier's breach of contract action against Roy where the compensatory damages sought were only $1,175 and respondent's claim for $1,145,600 in punitive damages in an action for nonpayment of newspaper subscriptions where the compensatory damages sought were only $145.60. Even if it is assumed that punitive damages would be obtainable in the actions commenced by respondent, the amounts sought here were, under the circumstances, grossly excessive and could only serve to harass and intimidate the defendants.* We therefore conclude that respondent's conduct was violative of the disciplinary rule charged and thus grant the Committee's motion to confirm the Referee's report sustaining specifications 1 and 2 of charge III.

Specifications 3 and 4 of charge III accuse respondent of violating DR 7-102 by (1) instituting an action against a client, one Michele Demetros, for $7,500 in legal fees when he had previously agreed to prosecute a lawsuit on Demetros' behalf on a contingency fee basis and the jury had returned a verdict of no cause of action against Demetros, and (2) writing to Demetros' father, who resided in Pennsylvania, advising that respondent would issue a subpoena compelling his testimony

---

* In this regard, it is noted that respondent improperly entered a default judgment against Roy in the Dier lawsuit for $317,817.37 consisting of $300,000 in punitive damages, $16,554.27 in interest, $1,175 representing the value of services allegedly rendered to Roy by the plaintiff, and $88.10 in costs. This judgment was subsequently vacated, the court observing that the record was "both inadequate and inappropriate for the Clerk to enter judgment * * * see CPLR 3215 (c)".

in the event the costs of his daughter's litigation were not paid. We grant the Committee's motion to confirm the Referee's report sustaining specifications 3 and 4 of charge III because respondent's right to be paid for his services under the contingent fee arrangement ended with the adverse verdict against Demetros *(see, Shaw v Manufacturers Hanover Trust Co.,* 68 NY2d 172; NY Jur 2d, Attorneys at Law, § 143) and because respondent was without legal authority to threaten Demetros' father with issuance of a subpoena prior to commencement of an action *(see,* CPLR 2302).

Charge IV alleges that respondent, in violation of DR 1-102 (A) (4) and (5), misled and deceived a husband and wife as to the status of a lawsuit he had commenced on their behalf in Federal court. We deny the Committee's motion to confirm the Referee's report sustaining this charge because the charge is not supported by the evidence presented.

In determining the measure of discipline to be imposed in this matter, we observe that respondent has been found guilty of serious professional misconduct, especially in his unconscionable claims for punitive damages, his unwarranted action for legal fees against Demetros, and his unwarranted threat of use of the subpoena power. Respondent's conduct, as established in this proceeding, demonstrates a willingness on his part to abuse his authority as an attorney and officer of the court vis-à-vis his clients and others. Such conduct can only reflect adversely upon the legal profession as a whole and therefore must be condemned. We also note that in 1985 respondent was cautioned by the Committee after it found that he had sought to exact unreasonable and unconscionable compensation in an action commenced on behalf of an infant.

We therefore conclude that in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended from practice for six months.

Respondent suspended from the practice of law for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.