(August 8, 1991)

■ In the Matter of ROBERT G. MAZEAU, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is a New Jersey attorney admitted to practice in New York by this court in 1988.

Petitioner Committee on Professional Standards moves for an order disciplining respondent pursuant to section 806.19 of this court's rules (22 NYCRR 806.19) by reason of his recent public reprimand by the Supreme Court of New Jersey for (1) knowingly making a false statement of material fact to a Trial Judge and (2) failing to disclose to the trial court a material fact with knowledge that the court may tend to be misled by such failure.

Respondent had made a motion in New Jersey Superior Court on June 15, 1988, seeking permission to file a late notice of claim with a school district on behalf of his client who was

injured on a school-sponsored skiing trip in 1984. According to the report of the Disciplinary Review Board of the Supreme Court of New Jersey, a person having a tort claim against a public entity in New Jersey may not file a lawsuit unless that person first submits a notice of claim within 90 days of the accrual of the cause of action. However, the claimant may apply to a trial court for permission to file a late notice of claim for up to one year. In general, a court may waive the 90-day requirement and grant permission to file a late notice if the claimant shows that the public entity has not been substantially prejudiced by the late filing and the claimant shows sufficient reasons for failing to file the claim within the proper time period. Respondent's client's cause of action accrued when she turned 18 on June 17, 1987. Thus, the 90 days' statutory tolling occurred on September 17, 1987; the one-year eligibility extended the time to June 17, 1988. In the brief accompanying the late notice of claim motion, respondent failed to disclose a prior action brought by respondent in January 1986 in the United States District Court for the District of New Jersey on behalf of his injured client, then an infant, by her mother and guardian *ad litem,* and on behalf of the mother individually, against the Camelback Ski Corporation. In response to questioning by the Trial Judge, the Federal suit was disclosed at oral argument on the motion but respondent failed to respond to the Judge's further request for all of the information concerning the facts and background of the earlier Federal action. Because information concerning the District Court lawsuit was deemed material to a determination as to whether there was sufficient reason for the late filing of the notice of claim, respondent's failure to voluntarily disclose its existence and to respond to the Trial Judge's request for information lead to his public reprimand by the Supreme Court of New Jersey.

Respondent urges that this court take no further action in this matter because the late notice of claim motion was briefed and argued by attorneys hired by respondent; we find this argument unpersuasive.

In view of respondent's public reprimand in the State of New Jersey for professional misconduct, we grant petitioner's motion. We further determine that the ends of justice will be served by imposing upon respondent essentially the same discipline in this State as was imposed in the State of New Jersey *(see, Matter of Mahoney,* 166 AD2d 869).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the respondent is censured.