(June 24, 1994)

■ In the Matter of RONALD R. BENJAMIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [613 NYS2d 960] —Per Curiam. Respondent was admitted to practice by the Fourth Department in 1978. He maintains an office for the practice of law in Binghamton.

Petitioner, the Committee on Professional Standards, moves to confirm the report of a Referee, issued after a hearing, which sustained a charge of professional misconduct against

respondent, who opposes the motion and cross-moves to disaffirm the report.

By petition dated July 6, 1993, petitioner charged respondent with having attempted to mislead and deceive a trial court and opposing counsel in various matters, in violation of the Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) ("A lawyer shall not: * * * Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation"). The petition was filed upon respondent's decision to challenge a private admonition petitioner had intended to issue and upon his demand that petitioner institute a disciplinary proceeding (see, 22 NYCRR 806.4 [c] [2]). Three specifications were set forth under the single charge.

We confirm the Referee's report insofar as it sustained the first two specifications and disaffirm the report insofar as it sustained the third specification.

The evidence establishes that respondent attempted to mislead a trial court by asserting a specious res judicata or collateral estoppel defense on behalf of a client in the context of a divorce proceeding (specification 1) and by inaccurately asserting in a sworn affidavit that he had failed to timely serve an amended complaint in a wrongful death action because the parties had agreed among themselves to continue discovery so that the amended complaint, when served, would not require additional amendments (specification 2). The affidavit was made in support of a motion to file a late amended complaint. Respondent later admitted that there was no express agreement among the parties to continue discovery.

According to the third specification, respondent attempted to mislead opposing counsel in a letter replying to a demand for a bill of particulars by requesting an extension of time to respond to the demand "until after the State has made their motions and a decision has been rendered on same". This letter could be read as implying that respondent had knowledge that motions would be made by the State in the action when, in fact, he had no such knowledge. However, because the letter could also be read as indicating respondent's reasonable expectation, based on his experience, that such motions would be made, we reject the specification's allegation that respondent was attempting to mislead opposing counsel.

While we condemn any effort to mislead a court, we do not find respondent's misconduct, when placed in context, so egregious as to warrant suspension or disbarment, even noting the aggravating circumstance of his prior disciplinary record

which includes letters of caution from petitioner *(see,* 22 NYCRR 806.4 [c] [1] [iii]) and a six-month suspension by this Court in 1987 *(Matter of Benjamin,* 129 AD2d 886). The trial court was not misled by either the res judicata defense or the assertion of an agreement to continue discovery and both arguments were rejected by the trial court after short colloquies with respondent.

We conclude that to preserve the reputation of the Bar and to deter similar misconduct, respondent should be and hereby is censured.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr., and Peters, JJ., concur. Ordered that respondent is censured.