Matter of Sklar (2018 NY Slip Op 08408)





Matter of Sklar


2018 NY Slip Op 08408


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: December 6, 2018
[*1]
In the Matter of LORI JO SKLAR, an Attorney.
 (Attorney Registration No. 2623650)

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Lori Jo Sklar, Minnetonka, Minnesota, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1994 and currently lists a business address in Minnetonka, Minnesota with the Office of Court Administration. Respondent is also currently admitted to practice law in Minnesota, New Jersey and California. In March 2017, respondent was suspended for one year by the Supreme Court of California, with the execution of such suspension stayed for all but the first 30 days. Respondent's suspension arose from sustained allegations that respondent had made a misleading statement to a tribunal in connection with her application for counsel fees in a class action and had disregarded two separate court orders mandating the inspection of her computer hard drive (see Matter of Sklar, 2016 WL 6462150 [Rev Dept, Cal Bar Ct 2016], cert denied ___ US ___, 138 S Ct 190 [2017], reh denied ___ US ___, 138 S Ct 495 [2017]). Now, by order to show cause, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves to impose discipline upon respondent in New York pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 due to the findings of misconduct in California. Respondent opposes AGC's motion, contending that she was deprived of due process in the California disciplinary proceedings, that there was an infirmity of proof establishing the misconduct in California and that the misconduct for which she was disciplined in California does not constitute misconduct in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1]-[3]), to which opposition AGC has replied with leave of the Court.
Upon consideration of the facts, circumstances and record before us, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). With regard to respondent's due process contentions, we reject her claims of bias, perjury and evidence tampering surrounding the disciplinary hearings and the underlying civil court proceedings as conclusory and unsupported by the record evidence before us. Moreover, we find respondent's claims regarding a lack of notice and opportunity to be heard to be equally meritless. The record establishes that respondent was provided a full and fair hearing before the California State Bar [*2]Court and pursued various appeals of that Court's determination all the way to the Supreme Court of the United States.
We further reject respondent's argument that the California disciplinary authorities presented insufficient evidence of her misconduct in that state. In this matter, the California State Bar Court, and subsequently the Review Department of that Court, provided detailed findings and determined that respondent's misconduct was established by clear and convincing evidence. While respondent points to the existence of conflicting evidence in the record before the California State Bar Court, we find that there was sufficient evidence supporting the charged misconduct (see Matter of Feng Li, 149 AD3d 238, 253 [2017], appeal dismissed 30 NY3d 1082 [2018])[FN1]. Finally, we reject respondent's argument that the misconduct for which she was disciplined in California would not constitute misconduct in this state, as our Rules of Professional Conduct clearly proscribe an attorney from making misleading statements to a tribunal and disregarding valid court orders (see Rules of Professional Conduct [22 NYCRR § 1200.0] rules 3.3 [a] [1]; 3.4 [c]; 8.4 [c]). Accordingly, we find respondent's misconduct established and turn to the issue of the appropriate discipline (see Matter of Vega, 147 AD3d 1196, 1197 [2017]).
As an initial matter, we find that respondent's misconduct is undoubtedly serious and warrants public discipline (see ABA Standards for Imposing Lawyer Sanctions §§ 6.12, 6.22). In aggravation, we note that respondent has continuously refused to acknowledge the wrongful nature of her conduct, instead insisting that she acted properly at all times and advancing claims of false testimony and unethical conduct on the part of the California courts and disciplinary authorities (see e.g. Matter of Davey, 111 AD3d 207, 212-214 [2013]; see also ABA Standards for Imposing Lawyer Sanctions § 9.22 [g]). Noting the foregoing, we have considered various factors in mitigation, including respondent's lack of any prior discipline over her lengthy career as an attorney in any of the various states in which she is admitted (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [a]). Moreover, we have considered the various affidavits and testimony before the California State Bar Court in support of respondent's good character (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [g]). As such, although we believe that a public censure is an insufficient sanction in this matter, we do not believe a lengthy suspension is warranted by respondent's misconduct (compare Matter of Benjamin, 205 AD2d 978, 979 [1994], and Matter of Mazeau, 175 AD2d 942, 943 [1991], with Matter of Rain, 162 AD3d 1458, 1461 [2018], and Matter of Meagher, 156 AD3d 1218, 1220 [2017]). Accordingly, we find that a three-month suspension is an appropriate sanction that adequately protects the public, maintains the honor and integrity of the profession and deters others from committing similar misconduct (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of Law for a period of three months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We find respondent's contentions concerning the California disciplinary courts' reliance on the civil court decisions to be meritless. The disciplinary courts noted that the civil court findings bore a strong presumption of validity if supported by substantial evidence. Respondent's submissions do not establish that the disciplinary courts' determinations in that respect were in error.