[717 NYS2d 434]

In the Matter of WILLIAM J. SEDOR, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 13, 2000

#### APPEARANCES OF COUNSEL

*Daniel A. Drake,* Rochester, for Seventh Judicial District Grievance Committee.

*Janice A. Lahman,* Rochester, for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on July 13, 1994, and maintained an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Certain issues of fact were resolved by stipulation and the hearing was conducted with respect to outstanding issues of fact. The Referee filed a report that the Grievance Committee moves to confirm in part and respondent cross-moves to confirm in part.

The Referee found that respondent falsely notarized documents, arranged loans between clients, and represented the buyer and seller in the sale of a business without making required disclosures regarding the potential conflict of interest.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests; and

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of fact in his representation of a client.

We have considered the matters in mitigation presented by respondent at the hearing, including the measures taken by him to correct deficient office procedures with respect to the handling of affidavits of service. Additionally, we note that respondent has no disciplinary history. We have also considered, however, respondent's lack of candor at the hearing. After consideration of all of the circumstances, we conclude that respondent should be suspended for six months and until further order of the Court.

GREEN, J. P., HAYES, HURLBUTT, SCUDDER and BALIO, JJ., concur.

Order of suspension entered.