[724 NYS2d 137]

In the Matter of MACKSON P. McDOWALL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 27, 2000

**APPEARANCES OF COUNSEL**

*Margaret C. Callanan,* Buffalo, for Eighth Judicial District Grievance Committee.

*Edward D. Peace,* Amherst, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Third Department on January 23, 1989, and maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his conduct as attorney for an estate and in his maintenance and use of his trust account. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm.

The Referee found that respondent, as attorney for an estate, failed to deposit into his trust account a check drawn on estate funds, which he accepted from the co-executor; that he failed to use the funds for payment of estate taxes as he was obligated to do; and that he used the funds for personal purposes. The Referee further found that respondent, in order to obtain cash, deliberately negotiated through his trust account Canadian checks drawn on insufficient funds. Additionally, the Referee found that respondent allowed the balance in his trust account to fall below zero, made cash withdrawals from his trust account and failed to maintain required records.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash rather than to a named payee.

We note that respondent has previously received a Letter of Admonition for similar misconduct. We have also considered respondent's lack of candor at the hearing. After consideration

of all of the circumstances, we conclude that respondent should be suspended for two years and until further order of the Court.

PINE, J. P., HAYES, HURLBUTT, KEHOE and LAWTON, JJ., concur.

Order of suspension entered.