[743 NYS2d 338]

In the Matter of WILLIAM J. SEDOR, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 3, 2002

### APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*John F. Speranza,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on July 13, 1994, and maintained an office for the practice of law in Rochester. By order entered November 13, 2000, respondent was suspended for a period of six months and until fur-

ther order of the Court for acts of professional misconduct, including falsely notarizing documents, arranging loans between clients and representing opposing parties without making required disclosures regarding the potential conflict of interest.

Respondent filed an affidavit of compliance on December 14, 2000, in which he stated that he had notified his clients and opposing counsel in pending matters of his suspension. Thereafter, the Grievance Committee filed a petition charging respondent with acts of professional misconduct, including engaging in the practice of law while he was suspended and filing a false affidavit of compliance with this Court. Respondent filed an answer denying material allegations of the petition and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation setting forth additional allegations of misconduct, resolving certain outstanding issues of fact and setting forth matters in mitigation. After a hearing in which limited testimony was taken from respondent, the Referee filed a report, which the Grievance Committee moves to confirm.

The admissions of respondent establish that he engaged in the practice of law in violation of this Court's order of suspension by seeking adjournments on behalf of clients in pending matters; that he failed to provide adequate written notice of his suspension to clients and opposing counsel in pending matters and failed to withdraw as counsel in pending matters, in violation of the Rules of the Appellate Division, Fourth Department; and that he filed with this Court a false affidavit of compliance with the suspension order.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

Additionally, we conclude that respondent violated Rules of the Appellate Division, Fourth Department (22 NYCRR 1022.27 [a]-[c]) governing the conduct of disbarred, suspended or resigned attorneys.

We have considered the matters submitted by respondent in mitigation. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for two years, effective May 13, 2001, and until further order of the Court.

PIGOTT, JR., P.J., WISNER, HURLBUTT, GORSKI and Lawton, JJ., concur.

Order of suspension entered.