[743 NYS2d 337]

In the Matter of THOMAS J. PRZYBYLA, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, May 3, 2002

**APPEARANCES OF COUNSEL**

*Andrea T. Burciaga, Associate Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Terrence M. Connors,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on January 15, 1987, and maintains an office for the practice of law in Depew. The Grievance Committee filed a petition charging respondent with acts of professional misconduct including conversion. Respondent filed an answer admitting certain material allegations of the petition and outstanding issues of fact were resolved by stipulation. Respondent appeared before this Court to submit matters in mitigation.

Respondent admits that he failed to remit timely to his client the client's share of the proceeds from a real estate sale and that he issued to the client a trust account check that was dishonored for insufficient funds. Additionally, when respondent subsequently issued a certified check to reimburse the client, the underlying funds included those of a unrelated client.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly to a client funds in his possession that the client was entitled to receive.

We have considered the matters submitted by respondent in mitigation, including his contention that the misconduct was not intentional and resulted from inattentiveness due to his grief over the death of his father. Respondent, however, previously received a Letter of Caution for trust account improprieties. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court.

GREEN, J.P., PINE, HAYES, SCUDDER and BURNS, JJ., concur.

Order of suspension entered.