[743 NYS2d 342]

In the Matter of MICHAEL B. RUDIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 14, 2002

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Michael B. Rudin,* Mendon, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 13, 1970. By order entered February 7, 2001, he was suspended for a period of three years and until further or-

der of the Court for acts of professional misconduct, including using his attorney trust account to pay law office expenses, issuing trust account checks payable to cash and converting client funds by allowing the balance in the trust account to fall below zero.

Respondent was personally served on February 9, 2001, with a certified copy of the suspension order and a copy of this Court's rule governing the conduct of suspended attorneys.

By notice of motion returnable April 16, 2002, petitioner moved for an order punishing respondent for contempt of court on the grounds that respondent violated the suspension order of this Court by engaging in the practice of law, collecting legal fees and holding himself out as an attorney.

Respondent filed no papers in opposition to the motion. He appeared before this Court and stated that he would not contest the allegations.

Respondent admits that, after his suspension, he failed to close his attorney trust account. He was retained by the widow of a former client and accepted from her the sum of $53,200, which he deposited into his attorney trust account, purportedly to satisfy the outstanding indebtedness of the former client's company. Respondent disbursed the sum of $10,137.30 for matters on behalf of the client and converted the balance of the funds.

Additionally, respondent continued to represent two other clients; he retained lobby signs and office signs identifying himself as an attorney; and he used letterhead and billing statements identifying himself as an attorney and responded to correspondence addressed to him as an attorney.

Respondent's flagrant disregard of this Court's order constitutes criminal contempt of court. Accordingly, we impose a fine in the amount of $1,000 and a sentence of imprisonment of 30 days (see Judiciary Law § 90 [2] [b]; § 750 [A] [3]).

PIGOTT, JR., P.J., HURLBUTT, GORSKI and LAWTON, JJ., concur.

Order of contempt entered.