[754 NYS2d 789]

In the Matter of KENNETH L. BENNETT, a Suspended Attorney, Petitioner. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Respondent.

Fourth Department, November 15, 2002

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Associate Counsel, Seventh Judicial District Grievance Committee*, Rochester, for respondent.

*Kenneth L. Bennett*, Livonia, petitioner pro se.

**OPINION OF THE COURT**

Per Curiam.

Petitioner was admitted to the practice of law by this Court on February 20, 1979. By order entered February 16, 2000, he

was suspended for a period of two years, effective October 27, 1999, and until further order of the Court, for misconduct that included depositing personal funds into his attorney trust account and converting clients' funds by allowing the balance in the trust account to fall below the amount of his clients' interests. At the time that the misconduct occurred, petitioner was suffering from depression and Crohn's disease. Petitioner was personally served on February 18, 2000, with a certified copy of the suspension order and a copy of this Court's rule governing the conduct of suspended attorneys.

Petitioner filed an application for reinstatement on April 22, 2002. Respondent filed papers in opposition to the application and moved for an order punishing petitioner for contempt of court on the grounds that he violated the suspension order of this Court by engaging in the practice of law, holding himself out as an attorney, and failing to close and continuing to use his attorney trust account. Petitioner admitted, in a responding affidavit, that he failed to close his attorney trust account and that he issued checks on behalf of clients after his suspension in order to assist the clients in finalizing pending matters.

Petitioner's admissions establish that he finalized a personal injury matter on behalf of relatives, who agreed to accept a settlement that had been offered prior to petitioner's suspension. Additionally, he settled a debt to a funeral home on behalf of a disabled client who had relocated after her son's suicide. Finally, petitioner delivered to new counsel checks drawn on his attorney trust account for filing fees on behalf of clients.

We note that, although the conduct of petitioner constitutes contempt of court, he acted out of a desire to assist his clients and the clients were aware that he was suspended. Accordingly, we grant respondent's motion and impose a fine in the amount of $250 as punishment for petitioner's contempt of court, and we deny petitioner's application for reinstatement with leave to renew upon submission of proof that the fine has been satisfied.

PINE, J.P., HAYES, HURLBUTT, KEHOE and BURNS, JJ., concur.

Order entered denying reinstatement and granting cross motion for contempt.