[769 NYS2d 815]

In the Matter of THOMAS J. PRZYBYLA, for Reinstatement to the Practice of Law.

Fourth Department, December 31, 2003

### APPEARANCES OF COUNSEL

*Susan M. Eagan,* Buffalo, for Eighth Judicial District Grievance Committee.

*Thomas J. Przybyla,* Lancaster, petitioner pro se.

### OPINION OF THE COURT

Per Curiam.

Petitioner was admitted to the practice of law by this Court on January 15, 1987, and maintained an office for the practice of law in Depew. By order entered May 3, 2002 (293 AD2d 80), petitioner was suspended for one year and until further order of the Court for acts of professional misconduct that included conversion. Petitioner was personally served on May 13, 2002, with a certified copy of the suspension order and a copy of this Court's rule governing the conduct of suspended attorneys.

Petitioner filed an application for reinstatement on September 11, 2003. Respondent filed papers in opposition to the application and moved for an order punishing petitioner for contempt of court on the grounds that he violated the suspension order of this Court by engaging in the practice of law and holding himself out as an attorney. Petitioner filed papers in opposition to the motion. Additionally, respondent filed a petition charging petitioner with acts of professional misconduct based upon his practice of law while suspended. Petitioner filed an answer admitting the material allegations of the petition and the parties executed a stipulation resolving issues of fact raised by petitioner's affidavit filed in opposition to the motion. Petitioner appeared before this Court and submitted matters in mitigation.

The admissions of petitioner establish that, during his suspension, he filed papers in tax assessment proceedings on behalf of a client and filed a bankruptcy petition on behalf of another client for which he accepted a fee. The clients were unaware that petitioner was suspended.

We conclude that petitioner violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

Additionally, the conduct of petitioner in appearing on behalf of clients, holding himself out as an attorney and accepting a fee, while suspended, constitutes contempt of court (*see Matter*

*of Marino*, 303 AD2d 10 [2002]; *Matter of Bennett*, 301 AD2d 176 [2002]; *Matter of Sedor*, 293 AD2d 74 [2002]).

Accordingly, after consideration of all of the factors in this matter, we deny petitioner's application for reinstatement and conclude that petitioner should be suspended for one year, effective May 3, 2003, and until further order of the Court. Additionally, we grant respondent's motion and impose a fine in the amount of $250 as punishment for petitioner's contempt of court.

PINE, J.P., HURLBUTT, KEHOE and HAYES, JJ., concur.

Order entered denying application for reinstatement.