[779 NYS2d 879]

In the Matter of JOI M. CARY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 16, 2004

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Associate Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Joi M. Cary*, Fairport, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on July 13, 1994. She was suspended for a period of three years and until further order of the Court by order entered February 11, 2004, for misconduct that included conversion of client funds and misrepresentation. Respondent was personally served on February 18, 2004, with a certified copy of the suspension order and a copy of this Court's rule governing the conduct of suspended attorneys.

On March 11, 2004, respondent was personally served with a supplemental petition, returnable April 13, 2004, charging her with three counts of professional misconduct including neglect and misrepresentation.

Additionally, by notice of motion returnable April 13, 2004, petitioner moved for an order punishing respondent for contempt of court on the ground that respondent violated the suspension order of this Court by engaging in the practice of law and holding herself out as an attorney. Respondent was personally served with the motion on April 2, 2004.

Respondent failed to file an answer to the supplemental petition or any response to the motion for contempt. On April 12, 2004, she sent to the Court by facsimile transmission a letter requesting an adjournment on the grounds that she had voluntarily entered an addictions counseling and referral center for the treatment of substance abuse and "related issues" on April 8, 2004.

We have considered in connection with respondent's request for an adjournment the fact that she was personally served with petitioner's motion nearly six days before she voluntarily entered the counseling and referral center. She was not confined at the center and was free to leave of her own volition. Additionally, we note that, in the original disciplinary proceeding, the Referee was required to adjourn the hearing when respondent abruptly left the hearing without explanation and failed to return. After the close of proof, the Referee granted respondent's motion to reopen the hearing for the purpose of presenting medical testimony. On the eve of the reopened hearing, however, respondent's law partner advised the Referee that it was "his understanding" that respondent had been admitted to a hospital and would remain there for several days. The Referee, having had no direct contact with respondent and no information regarding her condition, closed the proof. Further, and as we

noted in imposing a suspension in the original disciplinary proceeding, although respondent claimed to have been ill during the period when the misconduct occurred, she failed to present any evidence supporting her alleged health problems. Finally, we have considered her failure to appear before this Court or respond to petitioner's motion to confirm the Referee's report filed in that proceeding. Consequently, we decline to grant the request of respondent for an adjournment based upon her unsubstantiated allegation that she is presently unable to appear because she is receiving treatment at the counseling and referral center. She is, therefore, in default on the motion.

Petitioner alleged in support of the motion and respondent has not refuted the following: that, after her suspension, she appeared at a real estate closing representing the buyer and seller; she did not disclose the fact that she was suspended; she executed a guarantee to discharge the mortgages on the property and accepted a check in the amount of $94,519.89 from the mortgagee made payable to her as attorney; she negotiated the check despite the fact that the mortgages were never discharged; and she falsely stated to another client that she was not suspended and that she could continue to represent him.

We have previously held that the conduct of a suspended attorney in failing to advise clients of a suspension, holding oneself out as an attorney and continuing to practice law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (*see Matter of Rudin*, 296 AD2d 118 [2002]; *see also Matter of Przybyla*, 4 AD3d 8 [2003]; *Matter of Bennett*, 301 AD2d 176 [2002]).

For respondent's contemptuous and flagrant disregard of this Court's order of suspension, we impose a sentence of imprisonment of 30 days (*see* Judiciary Law § 90 [2] [b]; § 750 [A] [3]). Additionally, respondent's unexcused failure to file an answer or appear in response to the supplemental petition constitutes a default. Accordingly, respondent is disbarred (*see Matter of Whitfield*, 296 AD2d 871 [2002]; *Matter of Hopkins*, 295 AD2d 1014 [2002]; *Matter of Hysert*, 291 AD2d 937 [2002]).

PINE, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of contempt entered.

Order of disbarment entered.