[821 NYS2d 717]

In the Matter of MACKSON P. McDOWALL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 22, 2006

### APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Mackson P. McDowall*, Buffalo, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Third Department on January 23, 1989, and formerly maintained an office for the practice of law in Buffalo. He was suspended for two years and until further order of this Court by order entered December 27, 2000, for misconduct that included conversion of client funds and negotiating through his attorney trust account Canadian checks drawn against insufficient funds (*Matter of McDowall*, 279 AD2d 216 [2000]). Respondent was personally served on December 29, 2000, with a certified copy of the suspension order and a copy of this Court's rule governing the conduct of suspended attorneys.

On September 12, 2005, respondent filed his third application for reinstatement. The first two applications were opposed by the Grievance Committee and denied by this Court on the grounds that respondent had failed to demonstrate that he had complied with the suspension order and the rules governing the conduct of suspended attorneys (*Matter of McDowall*, 20 AD3d 942 [2005]; *Matter of McDowall*, 9 AD3d 915 [2004]). In response to respondent's third application, the Grievance Committee continued to oppose reinstatement on numerous grounds including that respondent, while suspended, had held himself out as an attorney and had accepted a legal fee. Respondent's application was ordered held by this Court upon receipt of a report by the Grievance Committee that a new complaint had been filed alleging that respondent had accepted a legal fee in an immigration matter.

On May 25, 2006, respondent was personally served with a petition and a motion for contempt, both returnable on June 20, 2006. The petition and the motion were based upon allegations that respondent violated the suspension order of this Court by engaging in the practice of law and holding himself out as an attorney.

Respondent failed to file an answer to the petition or any response to the motion for contempt. On June 8, 2006, he sent to the Court by facsimile transmission a letter requesting an adjournment of the motion return date and additional time to respond to the motion on the grounds that he needed to locate and take statements from witnesses and to raise funds with which to retain counsel. Respondent did not mention the pending petition in his letter.

We denied respondent's request and directed him to appear before this Court on June 20, 2006. A letter advising respon-

dent of this determination was mailed to the two addresses used by respondent throughout this proceeding. Attempts to send the letter to respondent by facsimile transmission were unsuccessful because the facsimile machine used by respondent to transmit his request to this Court had been disconnected.

Respondent failed to appear on the return date. He telephoned the Clerk's office on the day following the return date and left messages indicating that he had been out of the country and had received the Court's letter subsequent to the scheduled appearance, and he requested another opportunity to appear before the Court.

We decline to grant respondent's request. We have considered in connection with respondent's initial request for an adjournment that the request was made a full two weeks following personal service of the petition and motion. Additionally, we note that respondent failed to contact the Court prior to the scheduled return date to ascertain the status of his request. In any event, the letter denying respondent's request was mailed to respondent one week prior to the return date, and we decline to grant a request for a further appearance based upon his unsubstantiated allegation that he was absent from the country and did not receive the letter until the day following the scheduled appearance. Respondent is therefore in default both on the motion and the petition.

The Grievance Committee alleged in support of the motion and respondent has not refuted that, while suspended and during the pendency of his application for reinstatement to practice, respondent held himself out as an attorney and accepted filing fees and legal fees; he met with clients and gave them legal advice without disclosing the fact that he was suspended; and he failed to complete legal matters on behalf of clients. As we have previously held, the conduct of a suspended attorney in failing to advise clients of a suspension, holding oneself out as an attorney and continuing to practice law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (*see Matter of Cary*, 7 AD3d 24 [2004]; *Matter of Rudin*, 296 AD2d 118 [2002]).

Respondent's application for reinstatement is denied. For his contemptuous disregard of this Court's order of suspension, we impose a fine in the amount of $1,000. Additionally, respondent's unexcused failure to file an answer or appear in response to the petition constitutes a default. Accordingly, we

conclude that respondent should be disbarred (*see Cary*, 7 AD3d 24 [2004]).

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and SMITH, JJ., concur.

Order of contempt entered. [*See* 32 AD3d 1242, 1243.]