[890 NYS2d 833]

In the Matter of MICHAEL P. MARMOR, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 2009

**APPEARANCES OF COUNSEL**

*Mary E. Gasparini, Senior Counsel, Fifth Judicial District Grievance Committee,* Syracuse, petitioner.

*Thomas J. Miller,* Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1982, and formerly maintained an office for the practice of law in Syracuse. By order entered May 20, 2009 (63 AD3d 1669 [2009]), we granted the motion of petitioner pursuant to 22 NYCRR 1022.20 (e), to suspend respondent during the pendency of the disciplinary investigation based upon his sworn admissions that he committed acts of misconduct that were immediately threatening to the public interest. On May 21, 2009, respondent was personally served with a certified copy of the order of suspension and a copy of this Court's rule governing the conduct of suspended attorneys.

By order to show cause dated August 5, 2009, petitioner moved for an order punishing respondent for criminal contempt of court. Petitioner alleged that respondent violated the order of suspension of this Court by holding himself out as an attorney, accepting legal fees and engaging in the practice of law.

Respondent did not refute any of petitioner's factual allegations either in the affirmation of his former counsel filed in response to the motion or when he appeared with counsel on the return date of the order to show cause. Consequently, we may determine the matter without conducting a hearing (*see Matter of Garbitelli v Broyles*, 257 AD2d 621 [1999]; *see also Matter of Cary*, 7 AD3d 24 [2004]; *Matter of Rudin*, 296 AD2d 118 [2002]).

Petitioner alleged in support of the motion that, after respondent was personally served with the order of suspension, he continued to maintain a law office and to post signs both inside and outside that office indicating that he was an attorney at law; he continued to meet with clients and to correspond with opposing counsel, and he conducted a deposition on behalf of a client; he solicited new clients and accepted retainer fees from those clients; he failed to advise his secretary, his clients or opposing counsel of his suspension; and he continued to possess client and third-party funds entrusted to him prior to his suspension and failed to account for those funds.

We have previously held that the conduct of a suspended attorney in failing to advise clients of a suspension, in holding oneself out as an attorney and in continuing to practice law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (*see Cary*, 7 AD3d 24 [2004]; *Rudin*, 296 AD2d 118 [2002]). Respondent's flagrant disregard of this Court's or-

der of suspension constitutes criminal contempt of court. Accordingly, we impose a sentence of imprisonment of 30 days (*see* § 90 [2] [b]; § 750 [A] [3]).

HURLBUTT, J.P., SMITH, PERADOTTO and GORSKI, JJ., concur.

Order of contempt entered.