[57 NYS3d 304]

In the Matter of BRIAN F. SHAW, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 9, 2017

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Brian F. Shaw,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 27, 1985, and his office address on file with the Office of Court Administration is located in Skaneateles. In January 2017, the Grievance Committee filed a petition containing two charges of misconduct against respondent, including neglecting a client matter and failing to cooperate in the investigation of the Grievance Committee. Although respondent was personally served with the petition on January 5, 2017, he thereafter failed to file an answer in a timely manner, and the Grievance Committee moved for an order, pursuant to 22 NYCRR 1020.8 (c), finding him in default. Respondent personally appeared before the Court on the return date of the motion, at which time he requested an extension of time to file an answer. The Court granted that request and reserved decision on the motion, but respondent failed to file an answer or to contact the Court on or before the extended due date. Accordingly, by order entered April 18, 2017, this Court granted the motion of the Grievance Committee, found respondent in default, and deemed admitted the charges of misconduct.

Respondent admits that, in March 2014, he accepted from a client funds in the amount of $975 to represent the client in an action for divorce. Respondent admits that he subsequently failed to provide the client with billing statements at regular intervals, although on several occasions over a two-year period he assured the client that he was making progress on the matter. Respondent admits that, in early 2016, he failed to respond to numerous inquires from the client seeking information about the matter, after which the client filed a complaint with the Grievance Committee. Respondent admits that, from July through October 2016, he failed to respond in a timely manner to several inquiries from the Grievance Committee, failed to appear for a scheduled interview at the offices of the Grievance Committee, and failed to produce financial records regarding

the funds he received from the client. Respondent further admits that, in late 2016, he advised the Grievance Committee that he had recently commenced an action for divorce on behalf of the client.

We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b)—neglecting a legal matter entrusted to him;

rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;

rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

Although the Grievance Committee alleges that respondent violated certain other disciplinary rules, we decline to sustain those alleged rule violations inasmuch as they are not supported by a preponderance of the evidence.

We have considered, in determining an appropriate sanction, the nature of the misconduct and that respondent failed to respond to the charges or to submit to this Court matters in mitigation, thereby evidencing a disregard for the outcome of this proceeding (*see Matter of Tate*, 147 AD3d 35, 37 [2016]). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of this Court. In addition, in the event that respondent applies to this Court for reinstatement to the practice of law, he must sufficiently explain in the application the circumstances of his default herein.

SMITH, J.P., CARNI, DEJOSEPH, NEMOYER and TROUTMAN, JJ., concur.

Order of suspension entered.