Matter of Shaw (2018 NY Slip Op 04504)





Matter of Shaw


2018 NY Slip Op 04504


Decided on June 15, 2018


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND TROUTMAN, JJ. (Filed June 5, 2018.)


&em;

[*1]MATTER OF BRIAN F. SHAW, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of contempt entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 27, 1985. By order entered June 9, 2017, this Court suspended respondent from the practice of law upon his default in responding to allegations that he had, inter alia, neglected a client matter and failed to respond to inquiries from the client (Matter of Shaw, 152 AD3d 32 [4th Dept 2017]).
On April 9, 2018, the Grievance Committee filed a motion for an order, pursuant to Judiciary Law §§ 90 (2) and 750 (A) (3), punishing respondent for criminal contempt of court on the ground that he had willfully disobeyed the order of suspension entered by this Court by continuing to represent certain clients, continuing to holding himself out as an attorney, failing to advise clients and certain courts that he had been suspended, and accepting legal fees from a client.
The motion for contempt was made returnable before this Court on May 22, 2018. Although the Court directed that any written response to the motion was due by May 4, 2018, respondent failed to file a written response and failed to contact the Court prior to the return date. Respondent appeared on the return date, however, to request that the Court adjourn the matter to allow him to retain counsel. Although the Court directed respondent to submit proof concerning his efforts to retain counsel on or before May 25, 2018, respondent thereafter failed to submit to this Court any such proof and otherwise failed to contact the Court.
The Court finds respondent in default on the motion for contempt and deems admitted the allegations contained therein. Thus, respondent admits that, after he was served with the aforementioned order of suspension of this Court, he failed to notify certain clients and courts that he had been suspended from the practice of law; continued to hold himself out as an attorney when communicating with certain clients, courts, and opposing counsel; failed to return to certain clients property or funds to which they were entitled; and accepted legal fees in the amount of $300 in relation to a real estate transaction.
We have previously held that the conduct of a disbarred or suspended attorney in failing to advise clients of a suspension, holding oneself out as an attorney, accepting legal fees, and continuing to practice law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (see Matter of Dale, 87 AD3d 198, 200 [4th Dept 2011]; Matter of McDowall, 33 AD3d 246, 248 [4th Dept 2006]).
Accordingly, based on respondent's contemptuous disregard of this Court's order of suspension, we impose a fine in the amount of $500.