Matter of Sedor (2019 NY Slip Op 00805)





Matter of Sedor


2019 NY Slip Op 00805


Decided on February 1, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ. (Filed Jan. 22, 2019.)


&em;

[*1]MATTER OF WILLIAM J. SEDOR, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam
Respondent was admitted to the practice of law by this Court on July 13, 1994, and he maintains an office in Rochester. In August 2017, the Grievance Committee filed a petition alleging against respondent three charges of professional misconduct, including failing to act with diligence in a client matter; knowingly making false statements of fact to a tribunal; and engaging in an impermissible conflict of interest. Respondent filed an answer denying material allegations, and this Court appointed a referee to conduct a hearing. Following the hearing, the Referee filed a report sustaining the charges and setting forth findings in aggravation of the misconduct. The Grievance Committee moves to confirm the report of the Referee and, on October 23, 2018, the parties appeared before this Court for the return date of the motion, at which time respondent was heard in mitigation.
With respect to charge one, the Referee found that respondent filed a petition for bankruptcy relief on behalf of a client on September 7, 2016, which was the date that a creditor had scheduled a foreclosure sale of the client's home. The Referee found that the bankruptcy petition filed by respondent contained numerous errors and omissions that had the effect of concealing the client's true identity. The petition misspelled the client's name and failed to disclose, inter alia, certain aliases previously used by the client, the client's social security number, the fact that the client had registered a business in her name, and the fact that the client had filed two prior bankruptcy petitions, both of which had been dismissed within the previous year. The Referee found that, although respondent filed with Bankruptcy Court a schedule of creditors that failed to list the name of the creditor that had scheduled the foreclosure sale, respondent nonetheless notified the creditor via email that the bankruptcy petition had been filed. Bankruptcy Court subsequently directed respondent and his client to show cause why the petition should not be dismissed for failing to list the client's correct name and failing to disclose her two previously dismissed bankruptcy proceedings. Prior to the return date of the show cause order, however, respondent filed with Bankruptcy Court certain correspondence and an amended petition that reiterated virtually all of the errors and omissions contained in the initial filing. Following a hearing on the show cause order, Bankruptcy Court determined that respondent had failed to make a reasonable inquiry into the truthfulness of the information contained in the petition and that he had acted with the intention of assisting the client in hindering or delaying the foreclosure sale.
With respect to charge two, the Referee found that, in February 2017, respondent filed on behalf of three additional clients petitions for bankruptcy relief that were accompanied by a certification wherein respondent attested that he had "no knowledge after an inquiry" that the information filed with the petitions was incorrect. The Referee found, however, that each petition contained material errors or omissions that would have been avoided had respondent conducted a reasonable inquiry into the relevant facts. For instance, one of the petitions failed to disclose that the debtor had received certain wages for approximately eight years. Another petition failed to disclose that the debtor had received a personal injury settlement in excess of $50,000 within the previous year.
Charge three arises from respondent's membership in a homeowners' association comprised of 27 members who separately own 27 cottages located on a lake in the Adirondacks. The Referee found that, in 2016, respondent agreed to represent 10 members of the association in a dispute with another member concerning their rights and obligations in relation to a shared septic system used by each of their cottages. The Referee found that respondent also agreed to represent the homeowners' association in the same matter, as well as other legal or regulatory [*2]matters concerning the shared septic system, which were pending before regulatory bodies of the State and a local municipality. The Referee determined that, under the relevant circumstances, a reasonable attorney would have known that representing the various parties in those matters placed respondent in a position of representing differing interests such that he had a duty to obtain informed consent from each client affected by the conflict. The Referee also found that respondent had a financial, business, property, or other personal interest in the matters by virtue of his membership in the homeowners' association and that he failed to disclose that personal interest to each client or to obtain their informed consent thereto.
Charge three also alleges that respondent made false statements to a tribunal presiding over one of the client matters that gave rise to the conflicts of interest. Although the Referee did not make specific findings concerning the alleged falsity of the statements at issue, we conclude that the record establishes that respondent knowingly made false statements to the tribunal when he denied that he had ever represented the homeowners' association in any legal matter.
We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.7 (a) (1) and (2)—representing a client in a matter in which a reasonable lawyer would conclude that the representation involves the lawyer representing differing interests, or that there will be a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests, without obtaining from each affected client informed consent, confirmed in writing;
rule 3.1 (a)—bringing or defending a proceeding, or asserting or controverting an issue therein, without a basis in law and fact for doing so that is not frivolous;
rule 3.3 (a) (1)—making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to a tribunal by the lawyer;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered respondent's submissions in mitigation, including his statement that he has ceased practicing in Bankruptcy Court and that he intends to retire from the practice of law. We have also considered, however, certain factors in aggravation of the misconduct, including that the charges herein concern a pattern of dishonest and deceitful conduct that was prejudicial to the administration of justice. We have also considered the Referee's findings in aggravation, including that respondent failed to express remorse during the hearing and that, throughout this proceeding, he has blamed his former paralegal and clients for his own misconduct and offered explanations or excuses for the misconduct that lack credibility. Finally, we have considered that respondent has a substantial disciplinary history that includes two prior suspensions imposed by this Court for misconduct including dishonesty, deceit, and a lack of candor during the disciplinary process (Matter of Sedor , 293 AD2d 74 [4th Dept 2002]; Matter of Sedor , 276 AD2d 103 [4th Dept 2000]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of the Court.