Matter of Shaw (2019 NY Slip Op 09227)





Matter of Shaw


2019 NY Slip Op 09227


Decided on December 20, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ. (Filed Dec. 20, 2019.)


&em;

[*1]MATTER OF BRIAN F. SHAW, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of disbarment entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 27, 1985, and he formerly maintained an office in Skaneateles. By order entered June 9, 2017, this Court suspended respondent from the practice of law for a period of two years and until further order of the Court upon his default in responding to a petition alleging that he had neglected a client matter and failed to cooperate in the investigation of the Grievance Committee (Matter of Shaw, 152 AD3d 32, 33-34 [4th Dept 2017]). Respondent remains suspended pursuant to that order. In March 2018, the Grievance Committee filed a petition alleging four charges of misconduct against respondent, including practicing law while suspended, misappropriating funds received in the practice of law, and failing to cooperate in the investigation of the Grievance Committee. Although respondent was personally served with the petition in March 2018, he failed to file an answer or to request from this Court an extension of time in which to do so. The Grievance Committee subsequently moved for an order, pursuant to 22 NYCRR 1240.8 (a) (6), finding respondent in default, deeming admitted the allegations in the petition, and imposing discipline against respondent. Although respondent was served with that motion in November 2019, he failed to file a written response or to appear on the return date. Consequently, we grant the motion of the Grievance Committee, find respondent in default, and deem admitted the allegations in the petition.
With respect to charge one, respondent admits that, on June 14, 2017, he appeared in Lafayette Town Court on behalf of a criminal defendant who had agreed to pay restitution to his victim in the amount of $375. Respondent admits that, during the appearance, he represented to Town Court that he was holding the restitution funds in escrow, which prompted Town Court to direct respondent to disburse the funds to the victim within 14 days. Respondent admits that, on June 20, 2017, he was served with the suspension order of this Court, and he subsequently failed to disburse the funds to the victim or to notify Town Court that he had been suspended. Respondent further admits that he also failed to respond to inquiries from the Grievance Committee seeking an accounting of the above-referenced funds.
With respect to charge two, respondent admits that, on July 20, 2017, he sent a facsimile letter to the chambers of a Justice of the Supreme Court and to opposing counsel in a pending matrimonial matter requesting an adjournment of a pretrial proceeding, without disclosing that he had been suspended from the practice of law.
With respect to charge three, respondent admits that, on June 20, 2017, he agreed to represent two clients in the sale of certain land. Respondent admits that he did not notify the clients that he had been suspended from the practice of law and, in August 2017, he received from the clients certain documents relating to the transaction and a check in the amount of $300 for respondent's purported legal fee. Respondent admits that he was discharged by the clients in December 2017 and, although he returned the real estate documents to the clients, he failed to refund the $300 fee.
With respect to charge four, respondent admits that, from July 2017 through February 2018, he failed to respond to numerous requests from the Grievance Committee for information and documentation concerning the funds at issue in charge one and other allegations of misconduct set forth in the petition.
We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.15 (a)—misappropriating funds belonging to another person that were received incident to his practice of law;
rule 1.15 (b) (1)—failing to maintain client funds in an attorney special account separate [*2]from his business or personal accounts;
rule 1.15 (c) (3)—failing to maintain complete records of all funds of a client coming into his possession and to render appropriate accounts regarding those funds;
rule 1.15 (j)—failing to produce required bookkeeping and other records in response to a notice issued by the Grievance Committee;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered respondent's disciplinary history, the nature of his admitted misconduct, and his failure to participate in this proceeding, which evinces a disregard for his fate as an attorney (see Matter of Rothschild, 127 AD3d 178, 180 [4th Dept 2015]). Accordingly, we conclude that respondent should be disbarred. Although the Grievance Committee requests that the Court direct respondent to pay restitution in the amount of $300 for the legal fee referenced in charge three, we deny that request inasmuch as the record does not establish that respondent wilfully misappropriated or misapplied those funds in the practice of law within the meaning of Judiciary Law § 90 (6-a).