[662 NYS2d 815]

In the Matter of STEVE F.C. APOLLON (Admitted as STEVE FREDERIQUE APOLLON), a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 6, 1997

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent Steve F.C. Apollon was admitted to practice by this Court on June 1, 1988. By opinion and order of this Court dated July 15, 1996, as amended July 23, 1996, the respondent was disbarred. The Grievance Committee thereafter moved to punish him for contempt based on his refusal to comply with the order of disbarment.

The Grievance Committee served the respondent with a document entitled "Specification of Contempt Charges", dated January 13, 1997, which, *inter alia,* stated the following:

"The respondent failed to timely submit an affidavit indicating that he was in compliance with the Disbarment Order to either the petitioner or the Appellate Division.

"Pursuant to Section 691.10 (d) (1) of the Rules of the Appellate Division, Second Judicial Department, the respondent was required to promptly notify the attorneys for each adverse party in litigated matters of his disbarment.

"The respondent failed to promptly notify Wilson, Elser, Moskowitz, Edelman & Dicker, the attorneys for the defendant in the case entitled *Dor v Metropolitan Transportation Authority,* of his disbarment.

"As of July 15, 1996, the respondent represented the plaintiff in the case entitled *Dor v Metropolitan Transportation Authority,* pending in the Supreme Court, New York County.

"On September 13, 1996, Wilson, Elser, Moskowitz, Edelman & Dicker received a letter from the respondent, dated September 11, 1996, enclosing a 'general release' and 'stipulation discontinuing action' in the action entitled *Dor v Metropolitan Transportation Authority.*

"The respondent's letter dated September 11, 1996, was written on the letterhead entitled STEVE F.C. APOLLON, ESQ.

"On the stipulation below the plaintiff's signature, was written STEVE F.C. APOLLON, Attorney for Plaintiff.

"The release and stipulation were attached to legal backs which read STEVE F.C. APOLLON, ATTORNEY AT LAW, Attorney for Plaintiff."

At the hearing before the Special Referee, Geraldine T. Eiber, the respondent admitted that he received a copy of the disbarment order from his attorney and that he read it. At the time of his disbarment, the respondent was the attorney of record for the plaintiff in the case entitled *Dor v Metropolitan Transp. Auth.* Although aware of the disbarment order, the respondent sent a letter dated September 11, 1996, to the attorneys for the defendant in the *Dor* case, enclosing the plaintiff's executed general release and three originals of the plaintiff's stipulation discontinuing the action. The respondent used the letterhead "STEVE F.C. APOLLON, ESQ.". The papers identified the respondent as the attorney for the plaintiff. When asked by Grievance Counsel whether he considered this to be practicing law, the following exchange occurred:

"A. Again, my answer to you is that if I had received these documents clearly before the 15th of July and sent them out on the 15th of July, I wouldn't be here. I didn't receive them on a timely basis, I did send them out. Again, I didn't send them out as Steve Apollon, Citizen; I sent them out as Steve Apollon, Attorney representing Mr. Dor, which is what I had been doing. I was wrong for doing that. Once I became aware of the fact, because I wasn't cognizant of that, I had the matter corrected. I had another attorney represent Mr. Dor.

"Q. Did you consider that practicing law?

"A. I didn't consider it practicing law because I wasn't giving Mr. Dor advice. I wasn't telling him to take the offer; I was simply sending a document which he had given me, and forwarding it to the attorney for the defendant."

The respondent indicated that he had intended to deposit the settlement check, had he received one, into his escrow account, which he admitted that he continued to maintain until approximately November 7, 1996, even though it was inactive since his disbarment. The respondent conceded that this "could" be characterized as practicing law, but he dismissed the situation as hypothetical, inasmuch as he never received any settlement money in the *Dor* case.

Although the respondent maintained that "Esquire" was a title he obtained upon graduation from law school, he conceded that his use of the title "attorney-at-law" clearly constituted holding himself out as an attorney. He admitted that by sending out the stipulation and the legal backs bearing that designation, he was concluding a matter which he had commenced as the attorney for the plaintiff. He stated, "I didn't send them out as Steve Apollon, Citizen; I sent them out as Steve Apollon, Attorney".

The respondent also admitted that he failed to file an affidavit of compliance within 10 days after the effective date of the disbarment order, as required by 22 NYCRR 691.10 (f). He ultimately filed his affidavit of compliance on November 7, 1996, after he was served with the motion to find him in contempt.

The Special Referee concluded that the respondent violated the order of disbarment. His continued maintenance of an escrow account after his disbarment, his representation of himself as an attorney-at-law, and his failure to comply with the notification requirements until he was served with a contempt motion, indicate willful disobedience of a court order for which the court has the power to punish for criminal contempt (see, Judiciary Law § 750 [A] [3]). The Grievance Committee's motion to confirm the report of the Special Referee is granted to the extent that the respondent is adjudged to be in criminal contempt of the order of disbarment dated July 15, 1996 (222 AD2d 198), as amended July 23, 1996. The respondent is not adjudged to be in civil contempt, as there was no showing that his actions were either calculated to, or actually did defeat, impair, or prejudice the rights or remedies of a party to a civil proceeding (see, Judiciary Law § 753; *Seril v Belnord Tenants Assn.*, 139 AD2d 401; *Oppenheimer v Oscar Shoes*, 111 AD2d 28, 29).

In determining an appropriate measure of discipline to impose, the respondent asks that the Court consider his claim that serving the releases upon the attorneys for the defendant in the *Dor* case was done under the misunderstanding that he "could complete what was already done", and that upon learning he could no longer be involved in the *Dor* matter, he turned the case over to other attorneys. While the respondent was

anxious to preserve his fees, there were other appropriate means of protecting fees earned prior to his disbarment. Notwithstanding his claim that he did not willingly violate any Court rules, the respondent, like all admitted attorneys, is held to a knowledge of those rules.

Accordingly, the respondent is adjudged to be guilty of criminal contempt in violation of Judiciary Law § 750 (A) (3), and is directed to pay a fine of $1,000.

Mangano, P. J., Bracken, Rosenblatt, Miller and O'Brien, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted to the extent that the finding of the Special Referee that the respondent violated the disbarment order of this Court, dated July 15, 1996, as amended July 23, 1996, is confirmed, and the motion is otherwise denied; and it is further,

Ordered that the petitioner's motion to punish the respondent for contempt of court pursuant to Judiciary Law §§ 750 and 753, which was held in abeyance by decision and order on motion of this Court dated January 15, 1997, is granted to the extent that the branch of the motion which was to find the respondent in criminal contempt pursuant to Judiciary Law § 750 is granted, and the motion is otherwise denied, and it is further,

Ordered and Adjudged that the respondent is guilty of criminal contempt of court by reason of his willful disobedience of the decision and order of disbarment of this Court dated July 15, 1996, as amended July 23, 1996; and it is further,

Ordered and Adjudged that upon his conviction of criminal contempt the respondent shall pay a fine in the sum of $1,000; and it is further,

Ordered that within 30 days of service upon him of a copy of this Court's order and judgment with notice of entry, the respondent shall deposit in the office of the clerk of this Court a check in that amount made payable to the office of the State Comptroller; and it is further,

Ordered that should the respondent fail to pay the fine as directed within 30 days of service upon him of a copy of this order and judgment with notice of entry he shall be impris-

oned in an institution under the jurisdiction of the Commissioner of Correction of the City of New York for a period of 30 days.