[706 NYS2d 120]

In the Matter of RUTH M. POLLACK (Admitted as RUTH MARIE POLLACK), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 3, 2000

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petition contains three charges of professional miscon-

duct against the respondent. In her answer, the respondent admitted in part and denied in part the allegations contained in the petition. After a hearing, the Special Referee sustained Charges One and Three, but failed to sustain Charge Two. The Grievance Committee now moves to confirm the report of the Special Referee insofar as it sustained Charges One and Three and to disaffirm the report insofar as it failed to sustain Charge Two. The respondent has not submitted any papers in opposition or in response thereto.

Charge One alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), and conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to comply with an order of the Supreme Court, Nassau County.

By order dated May 7, 1996, the Honorable Gabriel S. Kohn, a Justice of the Supreme Court, Nassau County, directed that the respondent turn over the files of her representation of Audrey Manes to Ms. Manes' new attorneys within five days of being served with the order. On or about May 23, 1996, the respondent was served with a copy of the order. In violation thereof, the respondent did not turn over the files within five days of such service.

By order to show cause to the Appellate Division, Second Department, dated May 28, 1996, the respondent moved to stay enforcement of the May 7, 1996 order, which motion was denied on June 13, 1996. The respondent did not turn over Ms. Manes' files until after a hearing before Justice Kohn on or about September 5, 1996, to determine whether to adjudge her in contempt of court.

Charge Two alleged that based on the foregoing factual allegations, the respondent failed to protect her client's rights and interests by not turning over the client's files to substitute counsel, in violation of Code of Professional Responsibility DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2]).

Charge Three alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), and conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by

failing to comply with an order of the Supreme Court, Nassau County:

By order dated November 22, 1996, the Honorable Gabriel S. Kohn of the Supreme Court, Nassau County, found the respondent to be in contempt of court and directed her to pay, within 30 days of being served with the order, $6,999 to the law firm of Moran & Broderick for counsel fees incurred as a result of her conduct. The respondent was served with a copy of the order on or about December 5, 1996.

By order to show cause dated December 9, 1996, to the Appellate Division, Second Department, the respondent moved for a stay of enforcement of the November 22, 1996 order, which motion was denied on December 19, 1996. The respondent did not pay the aforementioned $6,999 within the 30-day period following service of the order. Moreover, she did not post security for that amount until February 28, 1997, following the issuance of a commitment order against her.

Based on the respondent's testimony and the evidence adduced at the hearing, the Special Referee should have sustained all three charges.

In determining the appropriate measure of discipline to impose, the Court has considered the findings by the Special Referee that a substantial degree of hostility existed between the respondent and incoming counsel, who was very demanding and less than charitable in his dealings with the respondent; that the respondent's actions were not motivated by malice, but by a combination of other factors including a desire to protect her lien and her fee, a certain degree of inexperience, and a lack of familiarity with certain available procedures; and that the respondent has demonstrated an exceptional degree of involvement in civil, community, charitable, and professional organizations for which she has received recognition and awards.

The respondent has no prior disciplinary history.

Under the circumstances, the respondent is censured for her professional misconduct.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Ruth M. Pollack, is censured for her professional misconduct.