[717 NYS2d 297]

In the Matter of SEYMOUR KLAGSBRUN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 4, 2000

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Seymour Klagsbrun,* Aberdeen, New Jersey, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing four charges of professional misconduct. In his amended answer, the respondent admitted in part and denied in part the allegations contained in the petition. He denied that he was guilty of violating the Disciplinary Rules, and raised five affirmative defenses. After a hearing, the Special Referee sustained Charges One, Three, and Four, and failed to sustain Charge Two. The Grievance Committee moves, and the respondent cross-moves, to confirm in part and disaffirm in part the Special Referee's report.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By order and judgment dated May 31, 1995, the Honorable Lewis R. Friedman of the Supreme Court, New York County, directed the respondent to make the following payments in a matrimonial action entitled *Klagsbrun v Klagsbrun*: (a) $1,812,758.75 to his former wife, Shulamith Klagsbrun, (b) $60,000 to Shulamith Klagsbrun, and (c) $296,075 to Elaine Rudnick Sheps, Esq. Although the respondent had actual notice of the provisions of the order and judgment, he failed to comply with them.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By order dated February 19, 1997, the Honorable Fern Fisher-Brandveen adjudged the respondent in civil contempt of court for failing to comply with the provisions of the May 31, 1995, order and judgment.

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By order dated September 16, 1993, the Appellate Division, First Judicial Department, enjoined the respondent "from making any further applications to this Court in this matter and in his divorce action unless prior permission of this Court is obtained." Thereafter, without the required permission, the respondent brought a motion to reargue the Court's September 16, 1993, determination. By order dated December 28, 1993, the Appellate Division, First Judicial Department, imposed a $5,000 sanction on the respondent payable to the Clients Security Fund (now the Lawyers' Fund for Client Protection) within 30 days, *inter alia,* for repeatedly engaging in vexatious and unnecessary litigation, resulting in an inordinate abuse of judicial resources. The respondent failed to pay the fund the $5,000 sanction that had been imposed on him.

Charge Four alleged that based on the allegations contained in Charges One through Three, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced at the hearing, including the respondent's admissions, all four charges are sustained.

The respondent has presented no mitigation and continues to maintain that he did not violate the Disciplinary Rules. His prior disciplinary history consists of two admonitions, both of which involved the matrimonial matter that is the subject of this proceeding.

The respondent's repeated disregard of Court orders and rules constitutes misconduct that goes to the heart of the judicial system and warrants his disbarment.

MANGANO, P. J., O'BRIEN, RITTER, THOMPSON and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted, and all four charges are sustained; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the Special Referee's report is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Seymour Klagsbrun, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Seymour Klagsbrun is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.