[804 NYS2d 519]

In the Matter of CHRISTOS G. LADAS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 30, 2005

**APPEARANCES OF COUNSEL**

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Joel L. Daniels,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on January 10, 1991. By order entered February 7, 2001, he was suspended for a period of two years and until further order of the Court for misconduct that included converting estate funds. Respondent was personally served on February 23, 2001, with a certified copy of the suspension order and a copy of this Court's rule governing the conduct of suspended attorneys.

This Court, by order entered June 14, 2004, granted a motion by petitioner for an order punishing respondent for contempt of court and imposed a fine in the amount of $500 (*Matter of Ladas*, 9 AD3d 234 [2004]). Respondent admitted that he had violated the suspension order of this Court by appearing in court on behalf of two clients and holding himself out as an attorney. In determining an appropriate sanction, we noted respondent's expression of extreme remorse and the statement of respondent that, in appearing in court in violation of the suspension order, he was motivated by a desire to assist friends (*id.* at 235).

By notice of motion returnable September 13, 2005, petitioner again moves for an order punishing respondent for contempt of court on the ground that, in 2002, he violated the suspension order by appearing at a closing on behalf of the seller and holding himself out as an attorney. Respondent admitted the allegations set forth in the motion papers and appeared before this Court and submitted matters in mitigation.

As we have previously held, the conduct of a suspended attorney in holding oneself out as an attorney and continuing to practice law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (*see Ladas*, 9 AD3d at 235; *see also Matter of Cary*, 7 AD3d 24 [2004]; *Matter of Przybyla*, 4 AD3d 8 [2003]).

We have considered the matters submitted in mitigation, including that the conduct of respondent occurred prior to the conduct for which he was previously sanctioned. Accordingly, we grant petitioner's motion, find respondent in criminal contempt of this Court and impose a fine in the amount of $500.

PIGOTT, Jr., P.J., HURLBUTT, KEHOE, MARTOCHE and LAWTON, JJ., concur.

Order of contempt entered.