[885 NYS2d 748]

In the Matter of JAMES G. KALPAKIS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 29, 2009

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

*Edwin J. Mulhern*, Carle Place, for respondent.

## OPINION OF THE COURT

Per Curiam.

In his affidavit, the respondent acknowledges his inability to successfully defend himself on the merits of any of the disciplinary charges which have been initiated against him by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) as described in the petition. The Grievance Committee informed the respondent that additional allegations of professional misconduct are under investigation and would be prosecuted in a disciplinary proceeding to be recommended to the Court.

The respondent acknowledges that the opinion and order of this Court dated April 11, 2005, directed him, inter alia, to "desist and refrain" from practicing law in any form (*Matter of Kalpakis*, 18 AD3d 73, 80 [2005]). Other than a decision and order on motion of this Court dated June 24, 2005, which extended

the effective date of his suspension to June 30, 2005, the Court has not issued any order permitting the respondent to engage in the practice of law or modifying the order of suspension. The respondent has, nevertheless, practiced law after the effective date of his suspension by holding himself out as an attorney in connection with real estate transactions and by appearing as an attorney for the plaintiff in an action in the Supreme Court, Nassau County on or about June 4, 2008, under index No. 010269/08.

The respondent concedes that based upon those three instances of practicing law after the effective date of his suspension, he is in contempt of this Court's order dated April 11, 2005, in violation of Judiciary law § 750 (A) (3) and (B) and § 753 (A) (4). He acknowledges his inability to successfully defend himself on the merits of any of the disciplinary charges which would be initiated against him by the Grievance Committee based upon his contempt. The respondent further avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney as well as others whose advice and counsel he respects, and is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division from seeking reinstatement for a period of at least seven years.

The respondent avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the amended affidavit of resignation complies in all respects with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys. The disciplinary proceeding authorized by the decision and order on application of this Court dated October 9, 2008 must be discontinued in light of this resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and CHAMBERS, JJ., concur.

Ordered that the resignation of James G. Kalpakis is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James G. Kalpakis is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that James G. Kalpakis shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James G. Kalpakis is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if James G. Kalpakis has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on application of this Court dated October 9, 2008 is discontinued.