Per Curiam.
Respondent was admitted to practice by this Court in 2005 and currently practices immigration law in New Jersey, where he resides but is not admitted to practice.
By decision dated February 23, 2012, respondent was suspended from the practice of law for one year, upon a finding that he practiced law before the federal immigration courts subsequent to the loss of his own lawful immigration status; however, his suspension was stayed upon the conditions that he maintain his lawful immigration status and not be the subject of any further disciplinary action (92 AD3d 1203 [2012]). Now, by petition of charges containing a single charge of misconduct, petitioner alleges that respondent has neglected a client’s immigration matter and, in connection therewith, has made inconsistent statements to petitioner’s staff and the United States Board of Immigration Appeals concerning his having been retained by the subject client. Respondent answered, admitted to the underlying misconduct and offered various factors in mitigation. The parties were furnished an *1041 opportunity to provide additional submissions in mitigation and/or aggravation; however, no further submissions have been submitted.
Now, having reviewed respondent’s submission in mitigation, we find him guilty of professional misconduct as charged in the petition and as admitted by respondent. Specifically, respondent neglected a client matter, made a knowingly false statement of fact before a tribunal and engaged in fraudulent and misleading conduct prejudicial to the administration of justice that adversely reflected on his fitness as an attorney (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 3.3 [a] [1]; 8.4 [c], [d], [h]).
In mitigation, respondent expresses remorse for his misconduct. In aggravation, we note that respondent has been previously disciplined for misconduct related to his immigration law practice. Accordingly, under all of the circumstances presented, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be suspended from the practice of law for one year (see Matter of Lee, 107 AD3d 1376, 1376-1377 [2013]; see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).