Per Curiam.
 

 Respondent was admitted to practice by this Court in 1972 and currently has offices for the practice of law in the City of Binghamton, Broome County, and in Pennsylvania, where he was admitted to practice in 1977. Following an investigation, petitioner commenced these two disciplinary proceedings in May 2016 and February 2017, respectively, alleging multiple rule violations arising from respondent’s representation of six different clients.
 
 *
 
 The parties now jointly move, in the context of both of these proceedings, for the imposition of a one-year suspension upon respondent by the consent of the parties.
 

 Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) provides that, at any time following the filing of a petition of charges against a respondent, the respondent and an Attorney Grievance Committee may jointly move for the imposition of discipline upon the respondent by consent of the parties. Such joint motion must include a stipulation of facts, an affidavit of the respondent freely and voluntarily admitting to acts of professional misconduct and the violation of specific Rules of Professional Conduct or other standards of conduct, a summation of any relevant aggravating or mitigating circumstances, including the respondent’s prior disciplinary record, and a recitation of the parties’ agreed-upon disciplinary sanction (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i], [ii]).
 

 Here, the parties stipulate that, between 2012 and 2015, respondent engaged in six acts of misconduct cumulatively viola-tive of 26 Rules of Professional Conduct or other standards of attorney conduct. First, the parties stipulate that respondent engaged in fraudulent and misleading conduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c]) in connection with his representation of a matrimonial client by signing the client’s name to a stipulation setting aside the client’s judgment of divorce without his knowledge or consent. Unbeknownst to the client, the stipulation later served as the basis for an order vacating the divorce judgment.
 

 It has been further stipulated that respondent was retained by a second client in a child support and custody matter before Family Court. Respondent thereafter performed work on the client’s matrimonial action—including preparation of pleadings—without the client’s consent. When the client objected, respondent withdrew from representation in the Family Court matter, billing the client for his work on the divorce action. Although the client demanded a refund of her retainer, respondent only remitted a partial refund to the client, and only after being notified of the client’s complaint to petitioner. Respondent also did not provide the client with a fee arbitration notice until after being directed to do so by petitioner. Respondent admits that, by this conduct, he failed to adequately communicate with a client, failed to timely remit funds due to a client and engaged in conduct prejudicial to the administration of justice (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.4 [a]; 1.15 [c] [4]; 8.4 [d]; see also Rules of Chief Admin of Cts [22 NYCRR] § 137.6 [a] [1]).
 

 In connection with the settlement of a divorce action involving another client, respondent failed to prepare a quitclaim deed on the client’s behalf for the better part of six months (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [a], [b]), thereby delaying resolution of the matter and prompting the client’s estranged spouse to move to hold respondent’s client in contempt (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.1 [c] [2]). Despite Supreme Court’s ensuing determination that preparation of the deed was respondent’s responsibility, respondent nonetheless failed to perform this task before the next scheduled court appearance (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [c]) and instead sought leave of the court to withdraw. Respondent also billed the client for his time spent “trying to extricate [himself] from representing [her]” (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [a]) and made misrepresentations to the client about the fee arbitration process, including that fee arbitration would not be binding upon him (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c]; Rules of Chief Admin of Cts [22 NYCRR] § 137.2 [a]). It has also been stipulated that respondent failed to appear on a rescheduled appearance in this matter, sending another attorney in his stead who asserted that respondent was in Pennsylvania on another matter. Supreme Court later determined that respondent’s assertion of a conflict was inaccurate and made in an attempt to mislead the court (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d], [h]). Respondent also failed to provide this client with billing statements at least every 60 days (see Procedure for Attorneys in Domestic Relations Matters [22 NYCRR] § 1400.3, f 9), and admits that he provided a loan to the client during the course of his representation (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.8 [e]).
 

 Next, in connection with respondent’s participation in an estate matter that previously came before this Court (Matter of Walker, 124 AD3d 970 [2015]), the parties have stipulated that respondent provided incompetent representation (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.1 [a]), improperly limited the scope of his representation (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.2 [c]), failed to consult with the client about the means by which the client’s objectives would be accomplished (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4 [a] [2]), failed to promptly deliver client property (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [4]), made false statements to a tribunal (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [a]) and engaged in conduct involving misrepresentation (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c]). Specifically, respondent made conflicting representations to this Court and Surrogate’s Court regarding his drafting of a will for the decedent, did not personally communicate with the decedent concerning the will and failed to safeguard notes of the decedent in which the decedent expressed his testamentary wishes.
 

 With regard to yet another matrimonial client, respondent admits that he neglected the matter, failed to comply with the specific rules applicable to client representation in domestic relations cases and engaged in conduct prejudicial to the administration of justice by improperly threatening the client with an increased fee if the client did not withdraw his grievance complaint (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 8.4 [d]; see also Procedure for Attorneys in Domestic Relations Matters [22 NYCRR] part 1400). Finally, in connection with respondent’s representation in another estate matter, the parties stipulate that respondent engaged in conduct prejudicial to the administration of justice due to his improper lawsuit against his clients and his failure to provide notice of fee dispute arbitrability (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of Chief Admin of Cts [22 NYCRR] § 137.6 [a] [1]).
 

 Respondent’s admission to more than 20 rule violations in connection with his representation of these six different clients is exacerbated by his extensive disciplinary history, which includes eight private determinations of misconduct. Notably, several of those private determinations concern misconduct that is analogous to that stipulated to here. In terms of mitigation, the parties note respondent’s remorse and his cooperation with petitioner’s investigations.
 

 The parties’ proposed disciplinary sanction is consistent with our precedent in cases where, as here, there are multiple rule violations committed by a respondent with an existing disciplinary history (see Matter of Hogan, 143 AD3d 1044 [2016]; Matter of Mpaka, 143 AD3d 1040 [2016]; Matter of Courtney, 123 AD3d 1418 [2014]; Matter of Koziol, 107 AD3d 1137 [2013], appeal dismissed, lv dismissed and denied 21 NY3d 1056 [2013], cert denied 571 US —, 134 S Ct 1038 [2014]). Furthermore, given respondent’s commission of misconduct in his representation of many different clients over a pronounced period of time, we find the suspension agreed to here to be “appropriate to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct” (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Accordingly, we grant the parties’joint motion, find respondent’s misconduct established and suspend respondent from the practice of law for a period of one year.
 

 McCarthy, J.P., Garry, Lynch, Clark and Aarons, JJ., concur.
 

 Ordered that the joint motion by petitioner and respondent is granted; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective January 2, 2018, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys; and it is further ordered that, on or before January 2, 2018, respondent shall, by certified mail, notify (1) each of his clients, (2) the attorney for each party in any pending matter, (3) the court in any pending matter, and (4) the Office of Court Administration for each action where a retainer statement has been filed pursuant to court rules that he is unable to act as counsel due to suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [b]); and it is further ordered that, on or before January 2, 2018, respondent shall, by certified mail, notify the Office of Disciplinary Counsel of the Disciplinary Board of the Supreme Court of Pennsylvania of his suspension and provide a copy of this order to said Office; and it is further ordered that, on or before January 22, 2018, respondent shall deliver to all of his clients or third parties, or to a successor attorney designated by such clients or third parties, all money and property (including legal files) in his possession to which such clients or third parties are entitled (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]); and it is further ordered that, on or before January 22, 2018, respondent shall discontinue all public and private notices through advertising, office stationery and signage, email signatures, voice mail messages, social media and other methods that assert that he may engage in the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [d]); and it is further ordered that, on or before January 22, 2018, respondent shall surrender to the Office of Court Administration any Attorney Secure Pass issued to him (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [e]); and it is further ordered that, on or before February 5, 2018, respondent shall file with the Court, together with proof of service of a copy upon petitioner, an affidavit in the form in Appendix B to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 showing a current mailing address for him and attesting that he has complied with both the terms of this order and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]).
 

 *
 

 Although petitioner initially charged respondent with misconduct pertaining to eight clients, two charges of the initial petition were withdrawn during the pendency of these matters.