Matter of Barry (2019 NY Slip Op 07676)





Matter of Barry


2019 NY Slip Op 07676


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

PM-165-19

[*1]In the Matter of Peter Hughes Barry, a Suspended Attorney. (Attorney Registration No. 4260097.)

Calendar Date: October 8, 2019

Before: Egan Jr., J.P., Lynch, Devine and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Corrigan, McCoy & Bush, PLLC (Scott W. Bush of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2004 and lists a business address in the City of Saratoga Springs, Saratoga County with the Office of Court Administration. Based upon his failure to cooperate with an investigation into his alleged misconduct, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) sought respondent's suspension pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent did not respond to the motion, and, by November 2018 order, this Court granted AGC's motion and suspended respondent indefinitely, pending his cooperation with AGC's investigation (166 AD3d 1373 [2018]). He remains suspended to date.
AGC now moves for an order pursuant to Judiciary Law §§ 90 (2) and 486 disbarring respondent without further proceedings based upon allegations that respondent has continued to practice law while suspended or, in the alternative, finding respondent in contempt of this Court's November 2018 suspension order. AGC has further submitted a supplemental affidavit detailing additional allegations of respondent's unauthorized practice of law. Respondent has submitted documents in opposition contending that his actions did not constitute the practice of law. AGC has submitted a reply, and we have heard the parties at oral argument.
Our November 2018 suspension order expressly forbids respondent from "hold[ing] himself out in any way as an attorney and counselor-at-law in this State" during the term of his suspension (id. at 1374). In its motion, however, AGC has provided uncontroverted documentary evidence concerning five separate real estate transactions establishing that respondent violated that directive. Specifically, various interested parties to the transactions — at least one of whom had prior dealings with respondent in advance of his suspension — all expressed their belief that respondent was acting as an attorney, and several documents from those transactions helped substantiate that belief, as they identified respondent as an attorney in some capacity or another.[FN1] Moreover, respondent's issuance of multiple checks from his attorney escrow account and his repeated utilization of his law office email address while communicating with interested parties in those transactions only served to reinforce the misconception that he was an attorney in good standing (see e.g. Matter of Herzberg, 163 AD3d 220, 226 n 4 [2018]; Matter of Kalpakis, 67 AD3d 185, 186-187 [2009]; Matter of Brown, 31 AD3d 46, 49 [2006]; Matter of Gill, 3 AD3d 109, 110 [2004]; Matter of Apollon, 233 AD2d 95, 96-98 [1997]).
Collectively, we find that respondent's actions fostered the impression that he was a licensed attorney and counselor-at-law in this state in good standing, and that conduct was in contempt of the specific directive in our November 2018 order of suspension (see Judiciary Law § 90 [2]; see also Matter of Marmor, 71 AD3d 30, 31-32 [2009]; Matter of Kalpakis, 67 AD3d at 187; Matter of Ladas, 22 AD3d 168, 169 [2005]; Matter of Przybyla, 4 AD3d 8, 10 [2003]; Matter of Abbott, 175 AD2d 396, 397-398 [1991], appeal dismissed 78 NY2d 1124 [1991]). Further, we conclude that respondent's contemptuous actions necessarily constituted conduct prejudicial to the administration of justice warranting the imposition of discipline (see Judiciary Law § 90 [2]; see generally Matter of Brecker, 309 AD2d 77, 78-79 [2003]; Matter of Klagsbrun, 279 AD2d 192, 193-194 [2000], appeal dismissed 96 NY2d 846 [2001]; Matter of Pollack, 268 AD2d 153, 154-155 [2000]). We therefore grant that part of AGC's motion, find respondent in contempt of this Court's order and impose a one-year suspension for his misconduct.
Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is suspended from the practice of law for a period of one year, effectively immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to continue to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (b), respondent had an affirmative obligation to advise his clients of his inability to represent them as counsel due to his suspension.