Matter of Meagher (2019 NY Slip Op 09350)





Matter of Meagher


2019 NY Slip Op 09350


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

PM-238-19

[*1]In the Matter of Frederick John Meagher Jr., a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Frederick John Meagher Jr., Respondent. (Attorney Registration No. 1408939.) (Proceeding No. 1.)

Calendar Date: November 4, 2019

Before: Garry, P.J., Lynch, Clark and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for petitioner.
O'Connell and Aronowitz, P.C., Albany (Jeffrey J. Sherrin of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1972 and has maintained offices for the practice of law in both Broome County and in Pennsylvania, where he was admitted to practice in 1977. In December 2017, based on two petitions alleging multiple counts of misconduct, this Court granted the parties' motion to impose discipline upon respondent by consent and suspended him for a one-year term upon his admission to more than 20 rule violations in connection with his representation of six different clients (156 AD3d 1218 [2017]). Respondent has not sought his reinstatement to date.
Petitioner now moves for an order pursuant to Judiciary Law §§ 90 (2) and 486 disbarring respondent based upon allegations that he has, among other things, continued to practice law while suspended or, in the alternative, for an order pursuant to Judiciary Law §§ 90 (2) and 750 finding respondent in contempt of this Court's December 2017 order of suspension based upon his unauthorized practice of law and additional allegations that respondent had violated specific mandates in that order. In response, however, respondent cross-moves for an order permitting him to resign from the New York bar while respondent's proceeding seeking to disbar him is pending (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10). Petitioner opposes the cross motion and respondent has submitted an affidavit in reply.
Addressing respondent's cross motion first, we note that an attorney seeking to resign while a disciplinary proceeding is pending must, among other things, properly "set[] forth the specific nature of the charges or the allegations under investigation" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a]). In this respect, we find that respondent's shrift statements in his affidavit constituting his attempt to provide the requisite detail concerning the allegations of his unauthorized practice of law and further contemptuous conduct are insufficient to meet this requirement and fail to convey the appropriate culpability for his actions. Moreover, respondent's reply to petitioner's papers in opposition to the cross motion casts further doubt on the sincerity of his belief that his conduct was improper. Accordingly, we deny respondent's cross motion to resign during the pendency of this proceeding and turn to the merits of petitioner's motion.
The December 2017 order suspending respondent specifically directed that respondent comply with Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 governing the conduct of suspended attorneys and forbid him from "appear[ing] as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to giv[ing] to another an opinion as to the law or its application, or any advice in relation thereto, or [holding] himself out in any way as an attorney and counselor-at-law in this State" (156 AD3d at 1222). Moreover, we specifically directed respondent to "discontinue all public and private notices," including social media and any other methods of advertising, "that assert that he may engage in the practice of law in New York." Finally, our order mandated that respondent advise Pennsylvania disciplinary authorities of his suspension in this state by a date certain.
Having reviewed the submissions from the parties, we find that petitioner has submitted uncontroverted evidence that respondent has engaged in conduct in violation of the foregoing directives. First, we note that respondent admitted in his answer to the motion that he had improperly advised his clients that he was merely retired rather than suspended, fostering the impression that he was still authorized to continue practicing law in this state. Further, the documentary evidence submitted by petitioner clearly evidences that respondent improperly identified himself as the attorney of record in forms filed in two estate matters with the Broome County Surrogate's Court and met with at least one client concerning the filing of a third document with that court. Petitioner has also submitted documentary proof that respondent maintained a law firm website that contained attorney advertising and identified him as an attorney, and further maintained a Facebook page identifying him as a "Malpractice Lawyer" and "Property Lawyer."
We also find that petitioner's submission establishes that respondent failed to properly advise the Broome County Surrogate's Court that he had been suspended and would be unable to continue representing clients in several estate matters. Finally, we find that respondent failed to provide notice to Pennsylvania disciplinary authorities in contravention of the specific directive in our order. The Pennsylvania Office of Disciplinary Counsel affirmatively advised petitioner that respondent made no effort to provide the aforementioned notice and respondent's submissions fail to cast any doubt on that statement.
Altogether, we find that respondent's willful conduct was in contempt of the mandates in our order of suspension, and that his contempt of our order amounted to conduct prejudicial to the administration of justice (see Judiciary Law § 90 [2]; Matter of Barry, 176 AD3d 1474, 1475 [2019]; see also Matter of Klagsbrun, 279 AD2d 192, 193-194 [2000], appeal dismissed 96 NY2d 846 [2001]; Matter of Abbott, 175 AD2d 396, 397—398 [1991], appeal dismissed 78 NY2d 1124 [1991]). In determining the appropriate sanction, we have considered the entirety of respondent's flagrant misconduct in violation of this Court's order, his extensive disciplinary history and his decision to forgo any opposition to his disbarment as the appropriate result of this proceeding. Accordingly, we grant that part of petitioner's motion seeking to find respondent in contempt of this Court's order and disbar him from the practice of law in this state.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that respondent's cross motion seeking to resign pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 is denied; and it is further
ORDERED that petitioner's motion is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).