Matter of Attorneys in Violation of Judiciary Law § 468-a (Campito) (2020 NY Slip Op 00341)

Matter of Attorneys in Violation of Judiciary Law 468-a (Campito)

2020 NY Slip Op 00341

Decided on January 16, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2020

PM-15-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Laurie Anne Campito, Respondent. (Attorney Registration No. 2458701.)

Calendar Date: November 25, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Laurie Anne Campito, Menands, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1992, but has been suspended by this Court since 2014 due to conduct prejudicial to the administration of justice arising from her noncompliance with her attorney registration requirements from 2008 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1026 [2014]). Respondent has not sought her reinstatement and remains delinquent in her registration obligations to date.
Petitioner now moves for an order pursuant to Judiciary Law §§ 90 (2) and 486 disbarring respondent without further proceedings based upon allegations that respondent has continued to practice law while suspended or, in the alternative, for an order pursuant to Judiciary Law §§ 90 (2) and 750 finding respondent in contempt of this Court's January 2014 order of suspension. Respondent has submitted a letter in response and petitioner has submitted a reply.
Our January 2014 mass suspension order commanded respondent, among others, "to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another," and forbade her from "appear[ing] as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or [giving] another any opinion as to the law or its application or any advice in relation thereto" (id. at 1021). Further, the order of suspension mandated compliance with Rules of the Appellate Division, Third Department (22 NYCRR) former § 806.9, which comprehensively prohibited those attorneys subject to the order from engaging in the practice of law, or giving the appearance of practicing law or of being entitled to practice law (see Judiciary Law §§ 478, 479, 484, 486).[FN1]
We find that petitioner has submitted uncontroverted proof that respondent has violated the aforementioned directives set forth in our order by engaging in the unauthorized practice of law and improperly conveying the impression that she is currently an attorney in good standing (see Judiciary Law § 478; Matter of Barry, 176 AD3d 1474, 1475 [2019]; Matter of Meagher, ___ AD3d ___, ___, 2019 NY Slip Op 09350, *1 [2019]). Respondent admitted to having sent letters to Saratoga Springs City Court stating that she would be representing an individual with a traffic matter. Further, respondent conceded that she conducted legal research and furnished her opinion to another attorney concerning her work, and represented various clients in real estate transactions, both before and after learning that she was suspended. In connection with her work on those real estate matters, respondent also admitted that she never advised the real estate broker, her clients or the other attorneys involved in the transactions that she was suspended. Finally, respondent continues to display signage at her office location identifying her as an attorney and conveying the impression that she is authorized to practice law, and she has repeatedly utilized the designation "attorney at law" in various correspondence to courts, clients and colleagues.
Having determined that the foregoing conduct was in willful violation of our order, we find respondent in contempt and further conclude that such contempt amounted to conduct prejudicial to the administration of justice (see Judiciary Law § 90 [2]; Matter of Barry, 176 AD3d at 1475; see also Matter of Abbott, 175 AD2d 396, 397-398 [1991], appeal dismissed 78 NY2d 1124 [1991]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). In determining the appropriate sanction, we note that respondent continued her contemptuous conduct well after the date that she learned of her suspension and find that her flagrant disregard of our order warrants a significant sanction. Accordingly, we grant that part of petitioner's motion seeking to find respondent in contempt of this Court's order and disbar her from the practice of law in this state.
Garry, P.J., Clark, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that petitioner's motion is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: We note that this Court's then-effective rules governing the conduct of suspended attorneys are essentially similar to the current mandates contained in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15.